UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| J&J SPORTS PRODUCTIONS, INC., } <br> As Broadcast Licensee of the } <br> May 28, 2005 Chavez/Robinson Event } <br> } <br>     Plaintiff, } <br> VS. } <br> } <br> ELEAZAR GARCIA, Individually and d/b/a } <br> EL REBENTON a/k/a EL REVENTON } <br> NIGHT CLUB, } <br> } <br>     Defendant. } | CIVIL ACTION NO. H-08-1675 |

## OPINION & ORDER

Pending before the Court is Plaintiff J&J Sports Production, Inc. ("J&J Sports") Motion for Summary Judgment (Doc 7), Defendant Eleazar Garcia, individually and d/b/a El Rebenton a/k/a El Reventon Night Club ("Defendant") Response to Motion for Summary Judgment (Doc 10) and Plaintiff's Reply to Response to Motion for Summary Judgment (Doc 11). For the reasons explained below, the Court ORDERS that J&J Sports Motion for Summary Judgment is GRANTED.

### I.     Background & Relevant Facts

J&J Sports markets and licenses commercial exhibitions of pay-per-view prizefights events. (Doc 7 pg 4). They had proprietary rights to exhibit and sublicense the right to exhibit the May 28, 2005 Championship boxing match between Julio Cesar Chavez and Ivan Robinson, including undercard and preliminary bouts (the "Event"). *Id.* The Event was only legally available to commercial establishments through an agreement with J&J Sports and was safeguarded against illegal interception by electronically coding or scrambling the interstate satellite transmission of the Event. Establishments that had agreements with J&J Sports to show

the Event received electronic decoding equipment and satellite coordinates necessary to receive the signal or the establishment's cable or satellite provider would be notified to unscramble the reception. Commercial establishments paid a sublicense fee to J&J Sports in order to receive the Event. This fee was based on the capacity of the establishment and generally established by twenty times the maximum fire code occupancy of the commercial establishment.

The Defendant did not have a contract with J&J Sports to broadcast the Event in the Defendant's establishment. On May 28, 2005, an auditor observed a marquee advertisement outside the Defendant's establishment advertising the Event. (Doc 7 Ex A-2). Upon entering Defendant's establishment, the auditor also witnessed the undercard bout between Jesus Gonzales and Dumont Welliver being broadcasted on three televisions. (Doc 7 Ex A-2). Later in the evening, another auditor observed three televisions broadcasting the Event. The Defendant held the liquor license for the establishment on the night of the event. (Doc 11 Ex A). On May 28, 2005, when the Event occurred, the Defendant's establishment was being leased to Daniel Maya, Manuel Maya, and Luis Maya from February 7, 2005 to February 28, 2008. (Doc 10 pg 2).

## II.        Summary Judgment Standard

A party moving for summary judgment must inform the court of the basis for the motion and identify those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, that show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). The substantive law governing the suit identifies the essential elements of the claims at issue and therefore indicates which facts are material. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). The initial

burden falls on the movant to identify areas essential to the nonmovant's claim in which there is an "absence of a genuine issue of material fact." *Lincoln Gen. Ins. Co. v. Reyna*, 401 F.3d 347, 349 (5th Cir. 2005). If the moving party fails to meet its initial burden, the motion must be denied, regardless of the adequacy of any response. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc). Moreover, if the party moving for summary judgment bears the burden of proof on an issue, either as a plaintiff or as a defendant asserting an affirmative defense, then that party must establish that no dispute of material fact exists regarding all of the essential elements of the claim or defense to warrant judgment in his favor. *Fontenot v. Upjohn*, 780 F.2d 1190, 1194 (5th Cir. 1986) (the movant with the burden of proof "must establish beyond peradventure *all* of the essential elements of the claim or defense to warrant judgment in his favor") (emphasis in original).

Once the movant meets its burden, the nonmovant must direct the court's attention to evidence in the record sufficient to establish that there is a genuine issue of material fact for trial. *Celotex*, 477 U.S. at 323-24. The non-moving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Electric Indust. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986) (citing *U.S. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962)). Instead, the non-moving party must produce evidence upon which a jury could reasonably base a verdict in its favor. *Anderson*, 477 U.S. at 248; *see also DIRECTV Inc. v. Robson*, 420 F.3d 532, 536 (5th Cir. 2005). To do so, the nonmovant must "go beyond the pleadings and by [its] own affidavits or by depositions, answers to interrogatories and admissions on file, designate specific facts that show there is a genuine issue for trial." W*ebb v. Cardiothoracic Surgery Assoc. of North Texas, P.A.*, 139 F.3d 532, 536 (5th Cir.1998). Unsubstantiated and subjective beliefs and conclusory allegations and opinions of fact are not

competent summary judgment evidence. *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998); *Grimes v. Texas Dept. of Mental Health and Mental Retardation*, 102 F.3d 137, 139-40 (5th Cir. 1996); *Forsyth v. Barr*, 19 F.3d 1527, 1533 (5th Cir. 1994), *cert. denied*, 513 U.S. 871 (1994); *Topalian v. Ehrman*, 954 F.2d 1125, 1131 (5th Cir. 1992), *cert. denied*, 506 U.S. 825 (1992). Nor are pleadings summary judgment evidence. *Wallace v. Tex. Tech Univ.*, 80 F.3d 1042, 1046 (5th Cir. 1996) (citing *Little*, 37 F.3d at 1075). The non-movant cannot discharge his burden by offering vague allegations and legal conclusions. *Salas v. Carpenter*, 980 F.2d 299, 305 (5th Cir. 1992); *Lujan v. National Wildlife Fed'n*, 497 U.S. 871, 889 (1990). Nor is the court required by Rule 56 to sift through the record in search of evidence to support a party's opposition to summary judgment. *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Skotak v. Tenneco Resins, Inc.*, 953 F.2d 909, 915-16 & n.7 (5th Cir. 1992)).

Nevertheless, all reasonable inferences must be drawn in favor of the non-moving party. *Matsushita*, 475 U.S. at 587-88; *see also Reaves Brokerage Co. v. Sunbelt Fruit & Vegetable Co.*, 336 F.3d 410, 412 (5th Cir. 2003). Furthermore, the party opposing a motion for summary judgment does not need to present additional evidence, but may identify genuine issues of fact extant in the summary judgment evidence produced by the moving party. *Isquith v. Middle South Utilities, Inc.*, 847 F.2d 186, 198-200 (5th Cir. 1988). The non-moving party may also identify evidentiary documents already in the record that establish specific facts showing the existence of a genuine issue. *Lavespere v. Niagara Mach. & Tool Works, Inc.*, 910 F.2d 167, 178 (5th Cir. 1990). In reviewing evidence favorable to the party opposing a motion for summary judgment, a court should be more lenient in allowing evidence that is admissible,

though it may not be in admissible form. *See Lodge Hall Music, Inc. v. Waco Wrangler Club, Inc.*, 831 F.2d 77, 80 (5th Cir. 1988).

**III.**     **Discussion**

The unauthorized interception and broadcast of cable transmission violates both 47 U.S.C. § 553 and 605 of the Federal Communication Act. *Entertainment by J&J, Inc. v. Al-Waha Enterprises, Inc.*, 219 F. Supp. 2d 769, 775 (S.D. Tex. 2002). "The legislative history associated with § 553 and the amendments to § 605 reveals [sic] that one of Congress's principal objective was to discourage theft of cable services." *Id.* at 773 (citing *Prostar v. Massachi*, 239 F.3d 669, 673 (5th Cir. 2001)). The Federal Communication Act § 553(a) states that "no person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law." 47 U.S.C. § 553(a). Similarly, 47 U.S.C. § 605(a) states:

> No person receiving, assisting in receiving, transmitting, or assisting in transmitting, any interstate or foreign communication by wire or radio shall divulge or publish the existence, contents, substance, purpose, effect, or meaning thereof, except through authorized channels of transmission or receptions . . . to any person other than the addressee, his agent, or attorney . . . No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purpose, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or as assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

J&J Sports presented three uncontroverted affidavits to support its allegations that it has a cause of action under both 47 U.S.C. § 553 and 605. The "unauthorized interception and

broadcast of either satellite or cable transmissions violates both 47 U.S.C. § 553 and 605." 219 F. Supp. 2d at 774-75. It is undisputed that J&J Sports held the exclusive right to license the exhibition of the Event to commercial establishments as established by the affidavit of Thomas P. Riley, an attorney for the Plaintiff. (Doc 7 Ex A). Furthermore, it is also undisputed that the Event was displayed without a license at Defendant's establishment. This is established by an affidavit by Mary Gonzales, an employee of Audimasters, who observed a marquee advertising the Event and witnessed the Event being shown to the patrons on three televisions at Defendant's establishment. (Doc 7 Ex A-2). This is further supported by the affidavit of Christopher Duran, J&J Sports Auditor, who also saw three televisions displaying the Event at Defendant's establishment. (Doc 7 Ex B).

The Defendant claims that she is not liable under 47 U.S.C. § 553 and 605 because the establishment was leased out to Daniel Maya, Manuel Maya, and Luis Maya the night the Event occurred. (Doc 10 pg 2). Defendant is responsible for the broadcasting of the Event at her establishment because she holds the liquor license. (Doc 11 Ex A); *Joe Hand Promotion, Inc. v. Roberson Mgmt.*, No. H-05-3797, 2006 WL 2346308, at *1 (S.D. Tex. Aug. 11, 2006). In *Joe Hand*, the court held that the individual who possesses the liquor license must maintain "exclusive occupancy and control" and cannot surrender control of the "employees, premises or business of the permittee" according to Tex. Alco. Bev. Cod Ann. § 109.53 (Vernon 2001)). *Joe Hand Promotion, Inc. v. Roberson Mgmt.*, No. H-05-3797, 2006 WL 2346308, at *1 (S.D. Tex. Aug. 11, 2006); *see also Garden City Boxing Club, Inc. v. Soule Corp.*, No. W-03-CA-401 (W.D. Tex. Oct. 22, 2004) (holding that the person that holds the liquor license for the establishment must "maintain exclusive occupancy and control of the [establishment] under Texas law."); *Torrest v. Prostar, Inc.*, No. C-97-505 (S.D. Tex. Apr. 6, 1998) ("Under Texas

law, the liquor license may only be used at the location for which it was issued and only by the person to whom it was issued. Tex. Alco. Bev. Code §§ 61.04, 61.06") (citing *Algeria v. Texas Alcohol Beverage Comm'n*, 731 S.W.2d 723, 725 (Tex. App. 1987))).

Defendant is guilty of violations of both 47 U.S.C. §§ 553 and 605; however, recovery is generally not available under both provisions at the same time. *Entertainment by J&J*, 219 F. Supp. 2d at 775. In this case, recovery should be allowed under 47 U.S.C. § 605 because it allows for greater recovery to plaintiff. *Id.* Statutory damages under § 605 are between $1,000 and $10,000. 47 U.S.C. § 605(e)(3)(C)(i)(II). Furthermore, in a case which the violation is "committed willfully and for purpose of direct or indirect commercial advantage or private financial gain" the court has the discretion to increase damages up to $100,000. 47 U.S.C. § 605(e)(3)(C)(ii). Title 47 U.S.C. § 605 does not provide guidelines to determine the statutory damages, and it is left instead to the discretion of the court. *Time Warner Cable v. Googies Luncheonette, Inc.*, 77 F. Supp. 2d 485, 489 (S.D.N.Y 1999).

The Plaintiff is asking for maximum statutory damages. In its motion Plaintiff recited a long list of ways it has suffered damages as a result of this illegal broadcast, upon which this Court bases its finding that the maximum amount of statutory damages, $ 10,000, is appropriate.

The court must determine whether 47 U.S.C. § 605 was violated willfully resulting in damages being enhanced under the statute. *Entertainment by J&J*, 219 F. Supp. 2d at 776. Since the Event was electronically scrambled it required an illegal activity in order to divert the Event into the Defendant's Establishment. *Kingvision Pay-Per-View, Ltd. v. Jasper Grocery*, 152 F. Supp. 2d 438, 442 (S.D.N.Y 2001). The Defendant must have engaged in a deliberate act since "signals do not descramble spontaneously, nor do television sets connect

themselves to cable distribution systems." *Time Warner Cable*, 77 F. Supp. 2d at 490. According to the Supreme Court, willfulness is defined as "disregard for the government statute and an indifference for its requirement." *Entertainment by J&J*, 219 F. Supp. 2d at 777 (citing *Cablevision Systems N.Y. City Corp. v. Lokshin*, 980 F. Supp. 107, 114 (E.D.N.Y. 1997) (quoting *Trans World Airlines, Inc. v. Thurston*, 469 U.S. 11, 126-27 (1985)). Furthermore, the Defendant openly advertised the Event on a marquee outside its establishment which serves as evidence that the Event was shown for the purpose of commercial advantage or private financial gains. *Entertainment by J&J*, 219 F. Supp. at 776. In the instant case it is reasonable to multiuply the statutory damages by four to $ 30,000.

Under 47 U.S.C. § 605(e)(3)(B)(iii), J&J Sports is entitled to recover full cost which includes reasonable attorney's fees. The Court declines to award the one third contingent fee requested by counsel. The Court finds that J&J should recover a fee based on the hours expended and a reasonable hourly rate, which J&J seeks in the alternative. Therefore, J&J should receive a reasonable fee of $2,500 based on the hourly rate of $250 and the ten hours expended.

The court will award a post judgment interest of 0.51%

## IV.     Conclusion

Accordingly, it is hereby ORDERED that J&J Sports, Motion for Summary Judgment (Doc 7) is GRANTED.

SIGNED at Houston, Texas, this 14th day of August, 2009.

MELINDA HARMON
UNITED STATES DISTRICT JUDGE